IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) <br> ) <br> ALLIED DIGITAL TECHNOLOGIES ) <br> CORPORATION, et al., ) <br> ) <br>         Debtors. ) <br> ) <br> _____ ) <br> ) <br> GEORGIA-PACIFIC CORPORATION ) <br> and UNISOURCE WORLDWIDE, INC., ) <br> ) <br>         Appellants, ) <br> ) <br> v. ) <br> ) <br> JEOFFREY L. BURTCH, Trustee, ) <br> ) <br>         Appellee. ) | Bk. No. 00-4020 <br> through 00-4024 (CGC) <br> Chapter 7 <br> <br> <br> <br> <br> Misc. Nos. 03-157, 03-158 (KAJ) |

## MEMORANDUM OPINION

Donna L. Harris, Esq., Cross & Simon, LLC, 913 Market Street, Suite 1001, Wilmington, Delaware 19801; Counsel for Debtors.

Aaron A. Garber, Esq., David S. Fournier, Esq., Pepper Hamilton LLP, 1313 Market Street, Suite 5100, Wilmington, Delaware 19801; Counsel for Appellants.
    Of Counsel: Donald J. Hutchinson, Esq., José J. Bartolomei, Esq., Miller, Canfield, Paddock and Stone, P.L.C., 150 West Jefferson Avenue, Suite 2500, Detroit, Michigan 48226.

Adam Singer, Esq., Robert W. Mallard, Esq., Cooch and Taylor, 824 Market Street, Suite 1000, Wilmington, Delaware 19801; Counsel for Appellee.

April 4, 2006
Wilmington, Delaware


JORDAN, District Judge

## I.   INTRODUCTION

Before me are two appeals by Georgia-Pacific Corporation and Unisource Worldwide, Inc. (collectively, the "Appellants"), seeking reversal of the bankruptcy court's October 31, 2003 Order (the "Order") that denied their motions to dismiss preference claims brought against them by Jeoffrey L. Burtch (the "Trustee"), the trustee for Allied Digital Technologies Corporation, et al. (the "Debtors"). For the reasons that follow, the Order will be reversed and the case remanded for proceedings consistent with this opinion.

## II.   BACKGROUND

The background of this case has been set forth by the bankruptcy court. *Burtch v. Georgia-Pacific Corp. (In re Allied Digital Techs. Corp.)*, 300 B.R. 616, 617 (Bankr. D. Del. 2003). The following facts are not in dispute. On October 25, 2000, the Debtors filed a voluntary petition for reorganization under Chapter 11. *Id.* On July 5, 2002, the cases were converted to a Chapter 7 liquidation. (Misc. No. 03-157, Docket Item ["D.I."] 5, Ex. C.) On July 10, 2002, an interim trustee was appointed, pursuant to 11 U.S.C. § 701(a).[1] (*Id.*, Ex. D.) On July 25, 2002, the Trustee was appointed as successor trustee, pursuant to 11 U.S.C. § 703, which provides for appointment in the same manner as section 701(a).[2] (*Id.*, Ex. E.) On March 5, 2003, the creditors held a

---

[1] Section 701(a) provides that: "Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees . . . to serve as interim trustee in the case." 11 U.S.C. § 701(a).

[2] Section 703 allows the United States trustee, "if necessary to preserve or prevent loss to the estate," to appoint a successor trustee "in the manner specified in section 701(a)." 11 U.S.C. § 703(b).

meeting pursuant to 11 U.S.C. § 341(a), and no trustee was elected at that meeting. *Allied Digital*, 300 B.R. at 617.

The Trustee filed complaints against the Appellants on June 6, 2003 and June 11, 2003, seeking recovery of preferential transfers under 11 U.S.C. § 547. (Misc. No. 03-157, D.I. 4, Ex. 1, at 4; *id.*, Ex. 13, at 4.) On July 7, 2003, the Appellants each filed a motion to dismiss, contending that the preference claims were time-barred under 11 U.S.C. § 546(a). (*Id.*, Ex. 2; *id.*, Ex. 14.) After the bankruptcy court denied those motions on October 31, 2003, *Allied Digital*, 300 B.R. at 621, the Appellants were granted leave to appeal (Misc. No. 03-157, D.I. 7; Misc. No. 03-158, D.I. 9).

### III. STANDARD OF REVIEW

This court has jurisdiction over appeals from the bankruptcy court, pursuant to 28 U.S.C. § 158(a). On appeal, a plenary standard of review applies to the bankruptcy court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

### IV. DISCUSSION

    A. *Rules of Statutory Construction and the Plain Meaning of Section 546(a)*

The Trustee's avoidance actions, brought pursuant to section 547, are subject to the statute of limitations set forth in section 546(a), which states:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
>     (A) 2 years after the entry of the order for relief; or

> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

The bankruptcy court concluded that, in this case, section 546(a)(1)(B) provided for a one-year period for filing claims starting on July 10, 2002, the date that the first interim trustee was appointed under section 701. *Allied Digital*, 300 B.R. at 618-21. Thus, according to the bankruptcy court, the Trustee's claims were timely because they were filed before July 10, 2003. *Id.* My review of that conclusion is guided by rules of statutory construction set forth by the United States Court of Appeals for the Third Circuit. *See Price v. Del. State Police Fed. Credit Union U.S. Trustee (In re Price)*, 370 F.3d 362, 368-70 (3d Cir. 2004) (setting forth statutory construction approach to Bankruptcy Code).

When construing section 546(a), I must "begin with the text of [the] provision and, if its meaning is clear, end there." *Id.* at 368. As the Supreme Court has stated, "Congress says in a statute what it means and means in a statute what it says there." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted). Whether or not statutory language is plain or ambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). A provision can be considered ambiguous only "when, despite a studied examination of the statutory context, the natural reading of a provision remains elusive." *Price*, 370 F.3d at 369. That is not to

say that a provision of the Bankruptcy Code should be read in isolation. On the contrary, "in interpreting the Bankruptcy Code, the Supreme Court has . . . prefer[red] instead to take a broader, contextual view." *Id.* Nevertheless, the focus must be on the language of the statutory scheme. The court may only look to "policy, pre-[Bankruptcy] Code practice, and legislative history" for guidance when "the meaning of a provision is not plain." *Id.*

The meaning of section 546(a) is plain on its face. Subsection (a)(1) allows two years for filing claims after the entry of the order for relief in the case, unless a trustee is elected or appointed pursuant to specified sections of the Code. More precisely, under subsection (a)(1)(B), the two year period may be extended if a trustee appointment or election takes place both pursuant to one of the specified statutory sections and before the end of the original two-year period. In other words, there is a clear statement that the appointment or election must satisfy two criteria in order to effect an extension of the statute of limitations: it must be an appointment or election under one of the listed sections of the Code, and it must take place prior to the expiration of the two years that begins with the filing of the bankruptcy petition.[3]

The outcome of this appeal is dictated by the absence of section 701 from the list of statutory provisions expressly set forth in section 546(a). The bankruptcy court acknowledged that "section 701 is not expressly included" in that list, but nonetheless

---

[3]The statute states that the two years commences with "the entry of the order for relief." § 546(a)(1)(A). That has been interpreted as meaning the original filing date of the bankruptcy petition, not a later date on which the petition may have been converted from one for relief under Chapter 11 to one under Chapter 7. *See Allied Digital*, 300 B.R. at 618. The parties do not dispute that reading.

concluded that the statute should be construed as if it had been. *Allied Digital*, 300 B.R. at 619. According to the bankruptcy court, adherence to the express language of section 546(a)(1)(B) would be contrary to what Congress actually intended and would lead to "absurd or futile results inconsistent with the overall structure of the statutory scheme." *Id.* (citations omitted). In addition to relying on those conclusions of the bankruptcy court (D.I. 14 at 18-22, 27-33), the Trustee also argues that applying the statute as written would violate constitutional principles of due process (*id.* at 8-18). I cannot agree with either the bankruptcy court's conclusions or the Trustee's due process argument.

    B.    *Legislative Intent*

Neither the bankruptcy court nor the Trustee has provided any persuasive basis for abandoning the plain language of section 546(a)(1)(B). Indeed, the premises cited by the bankruptcy court cut against the conclusion it reached. The bankruptcy court looked to section 702, which provides for the election of a trustee at a creditors meeting held pursuant to section 341. *Allied Digital*, 300 B.R. at 619. Section 702 further provides that, "[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). According to the bankruptcy court, "[s]ection 702(d) ratifies the appointment of the trustee done under 701, and as a result, a section 701 trustee becomes a section 702 trustee via section 702(d)." *Allied Digital*, 300 B.R. at 619. Quoting a decision from the United States Court of Appeals for the Ninth Circuit, the bankruptcy court also noted that an interim trustee is the "functional equivalent of a permanent trustee elected under section 702[,] . . . because

the Bankruptcy Code does not require the permanent trustee to do anything different than that which he had already been doing as the interim trustee." *Id.* (quoting *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1033 (9th Cir. 1999)) (internal quotation marks omitted). Thus, the bankruptcy court's reasoning appears to be that, because Congress intended that the interim trustee act like a permanent trustee, and also intended that the interim trustee stay on as trustee if no permanent trustee is elected, Congress therefore intended that an interim trustee appointed under section 701 should receive an additional year to file claims under section 546(a)(1)(B), regardless of whether or when a creditors meeting under section 341 has occurred.

That conclusion simply does not follow from those premises. It certainly is clear that Congress intended interim trustees appointed under 701 to have broad powers. *See* 11 U.S.C. § 701(c) ("An interim trustee serving under this section is a trustee in a case under this title."). It is also true that Congress intended the interim trustee in a case to become the permanent trustee under circumstances stated in section 702(d). *See* 11 U.S.C. § 702(d) ("If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case."). But that hardly suggests that Congress really meant to include section 701 in the list of trustee appointment or election provisions that can effect an extension of the statute of limitations.

The more reasonable conclusion, and the only one consistent with the language of section 546, is that section 702 is listed and section 701 is not, because Congress made a deliberate policy choice to say, in effect, that a permanent trustee under 702, not an interim trustee under 701, gets the benefit of additional time to act on behalf of

6

the bankruptcy estate. Section 702 provides a mechanism both for the election of a permanent trustee and, failing that, for the appointment of one by operation of law. 11 U.S.C. § 702(b)-(d). Section 701 expressly provides that the interim trustee's services cease when the permanent trustee has been selected. See 11 U.S.C. § 701(b) ("The service of an interim trustee under this section terminates when a trustee elected or designated under section 702 of this title to serve as trustee in the case qualifies under section 322 of this title."). Congress made the selection of the permanent trustee, which in turn depends on the section 341 meeting of creditors, the determinative event for extending the statute of limitations. See Turner v. Bolduc (In re Crowe Rope Indus., LLC), 311 B.R. 313, 315 (Bankr. D. Me. 2004) ("The appointment of the interim trustee as trustee under § 702(d) occurs by operation of law and becomes effective when there has been no election at the § 341 meeting."); see also 5 Collier on Bankruptcy, ¶ 546.02[2][a][i] (15th ed. 2005) ("[T]he date of the section 341 meeting usually will be the date of appointment of the trustee for purposes of section 546(a)(1)(B)."); cf. Grella v. Zimmerman (In re Art & Co., Inc.), 179 B.R. 757, 761 (Bankr. D. Mass. 1995) (construing section 546, in its pre-1994 amendment form, and observing that, "the overwhelming majority of courts . . . has ruled that the . . . statute of limitations for avoidance actions begins to run on the date that the trustee is designated permanent trustee"); Spence v. Panco (In re Surf & Sand Const., Inc.), 138 B.R. 454, 457 (Bankr. D. Del. 1992) (also construing section 546, in its pre-1994 amendment form, and stating, "It is evident from reading § 546(a)(1) and § 702 that the . . . time limitation imposed by § 546(a)(1) does not begin to run until the election or qualification of a

permanent trustee at the § 341 meeting of creditors.") (quoting *Kroh v. T.R.M. Mfg. (In re Conco Bldg. Supplies, Inc.)*, 102 B.R. 190, 191-92 (B.A.P. 9th Cir. 1989)). Thus, while the bankruptcy court was correct to review sections 701 and 702 together, those sections, when read in light of section 546(a), do not support the idea that Congress failed to say what it meant when it listed section 702 and not section 701 in section 546(a)(1)(B).

The argument that Congress really meant to include section 701 seems to be simply a disagreement with the policy choice that Congress made. Regardless of the merits of approaching the statute of limitations with the view that the appointment of an interim trustee is the "functional equivalent" of appointing a permanent trustee, *see Parmetex*, 199 F.3d at 1033, one can only take that approach by ignoring the fact that an interim trustee appointed under section 701 is not a permanent trustee selected under section 702. I will not ignore that fact. I am, on the contrary, constrained to "begin with the text of [the] provision and, if its meaning is clear, end there."[4] *Price*, 370 F.3d at 368. The fact that an interim trustee exercises the same powers as, and may eventually become, the permanent trustee does not make the interim trustee a permanent trustee and does not make the appointment of the interim trustee an event affecting the application of section 546(a)(1)(B).[5] *See Singer v. Franklin Boxboard Co.*

---

[4] The Trustee points to portions of the legislative history of the 1994 amendments to section 546(a), (D.I. 14 at 30) but I ought not consider that history when the language of the statute is plain. *Price*, 370 F.3d at 369.

[5] No one suggests that the appointment of a successor trustee under section 703 affects the analysis required in this case.

8

*(In re Am. Pad & Paper)*, 319 B.R. 791, 794 (D. Del. 2005) (concluding that Congressional intent is shown by the plain meaning of section 546(a)).

    C.    *Absurd Results*

According to both the bankruptcy court and the Trustee, applying section 546(a)(1)(B) as written leads to absurd results. *Allied Digital*, 300 B.R. at 619 (the court). (D.I. 14 at 18-21 (the Trustee).) First, the court argued that granting an additional year to a section 702 trustee but not to a section 701 trustee is an absurd result, because "as a practical matter," elections under section 702 are "extraordinarily rare." *Allied Digital*, 300 B.R. at 619. That, of course, ignores that even if elections under 702 are rare, appointments or designations of permanent trustees under that section are not, and such a designation was made in this case, albeit outside the original two-year window provided in section 546(a)(1)(A).

Second, the Trustee argues that denying the interim trustee the additional year may put trustees in the difficult situation of facing a shorter statute of limitations period. (D.I. 14 at 20; *see also id.* at 15.) Again, that is a result Congress was free to choose and may have decided was an appropriate outcome when a creditors committee fails to convene with the initial two-year period. If that determination is not, in the eyes of some, ideal, it is nevertheless not "absurd." This is not one of those "rare" cases where "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *First Merchs. Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394, 402 (3d Cir. 1999).

Third, the Trustee argues that the literal application of section 546(a)(1)(B) leads to absurd results because the interim trustee will not be sure whether the additional one-year period will be available until after the creditors meeting, where a trustee may be elected under section 702. (D.I. 14 at 20-21.) That concern also fails to make the literal application absurd. "Although different factual scenarios will produce different results, the results are always established according to the same criteria and, therefore, the parties have notice of when certain actions must be commenced." *Am. Pad & Paper*, 319 B.R. at 794. Again, that is not an absurd result.

D.  *Due Process*

While the bankruptcy court did not address the argument, the Trustee urges that a literal interpretation of the statute will violate the constitutional guarantee of due process. (D.I. 14 at 8-18.) The Trustee argues, first, that the interim trustee will be uncertain as to the end of the limitations period (*id.* at 13-15), and second, that the trustee will have an unreasonably short period of time in which to file claims (*id.* at 15). As discussed above, *supra* Section IV.C, the limitations period is determined according to a scheme that gives the parties notice of when actions must be commenced. *See Am. Pad & Paper*, 319 B.R. at 794. Thus, the statute is not so unpredictable as to violate due process. Finally, the argument that the trustee may have an unreasonably short time to file claims ignores the fact that the rights at stake belong to the bankrupt entity and not to the trustee. *Id.* at 795. According to section 546(a)(1)(A), "at a minimum, a bankrupt entity is allotted two years" to file claims. *Id.* Therefore, applying the statute literally does not run afoul of constitutional requirements.

10

E.  *Application of Section 546(a) to this Case*

I must apply section 546(a) as written. According to section 546(a)(1)(A), the limitations period in this case ended on October 25, 2002, unless one of the events listed in section 546(a)(1)(B) occurred before that date. That list does not include the appointment of an interim trustee under section 701, and, therefore, none of those events occurred within the two-year window. Because the Trustee's claims were filed after October 25, 2002, those claims are time-barred and must be dismissed.

**V.  CONCLUSION**

Accordingly, the bankruptcy court's Order will be reversed. An appropriate order will follow.